08-4752-pr
Johnson v. Smith

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand and nine.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             ROBERT A. KATZMANN,
                      Circuit Judges.

_____

BERNARD JOHNSON,

                                        Plaintiff-Appellant,


             -v-                                    (08-4752-pr)

J.T. SMITH, Superintendent

                                        Defendant-Appellee.

_____

Appearing for Appellant:     Robin C. Smith, Brooklyn, NY.

Appearing for Appellee:      Martin A. Hotvet, Assistant Solicitor General (Andrew M. Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, on the brief) for Albany, NY.

Appeal from the United States District Court for the Northern District of New York (Strom, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Bernard Johnson seeks review of the judgment and order of the district court (Strom, J.) dismissing his 42 U.S.C. § 1983 claim following a bench trial. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues for review.

Appellee Joseph T. Smith has served as Superintendent of Shawangunk Correctional Facility ("Shawangunk") since 2002. Johnson, an inmate at Shawangunk, sprained his ankle while playing on the facility's basketball court on January 29, 2003. The parties stipulated that there "were defects in certain areas of the gym floor where bubbles had formed in the vinyl overlay to the cement base." Johnson attributed his injury to this defect. Johnson alleges that Smith's failure to address this defect, either through repair or by closing that portion of the gym floor, violated his Eighth Amendment right to be free from cruel and unusual punishment . Following a bench trial, the district court dismissed Johnson's claim, finding that (1) Johnson failed to establish Smith acted with deliberate indifference; and, alternatively, (2) Smith was entitled to qualified immunity. On appeal, Johnson primarily argues that Smith's acts or omissions violated Johnson's Eighth Amendment rights.

To establish an Eighth Amendment claim, Johnson first needed to show that the alleged deprivation is, objectively, "sufficiently serious, . . . result[ing] in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal citations omitted). Second, Johnson needed to prove Smith possessed "a sufficiently culpable state of mind, one of deliberate indifference to inmate health or safety." Id. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (internal quotation and citation omitted). The district court found, and neither party disputes, that Smith's failure to repair or restrict access to the defective basketball court was "sufficiently serious." Instead, Johnson argues that the district court committed clear error, and incorrectly applied the Farmer standard for deliberate indifference.

"Following a bench trial, we set aside findings of fact only when they are clearly erroneous, and we give due regard to the trial court's credibility determinations." Zerega Avenue Realty Corp. v. Hornbeck Offshore Transp., LLC, 571 F.3d 206, 211 (2d Cir. 2009) (internal citations omitted). Johnson argues the district court committed clear error when it held that Smith knew of only one other injury attributed to the gym floor defect prior to Johnson's injury. The record supports the district court's findings of fact. The parties stipulated that Smith knew of two injuries "[i]n or around January 2003." The second grievance appeal - the one upon which the parties relied on to establish Smith's knowledge of the second incident, was dated January 30, 2003, such that the second injury could not have been brought to Smith's attention until after Johnson's injury.

Further, the district court correctly applied the law.  Under <u>Farmer</u>, there is no Eighth Amendment deprivation where the official knew of the defect but failed to draw the inference of substantial risk of serious harm.  <u>Farmer</u>, 511 U.S. at 844 ("That a trier of fact may infer knowledge from the obvious . . . does not mean that it must do so").  Johnson failed to satisfy the subjective component of the <u>Farmer</u> framework, requiring that his complaint be dismissed.

We have examined the remainder of Johnson's arguments and we find them without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

3